IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WARREN RIVERS | § | C.A. NO. _____ |
| | § | |
| VS. | § | |
| | § | |
| COSTAMARE INC., COSTAMARE | § | |
| SHIPPING CO. SA, and MONTES | § | |
| SHIPPING CO. | § | |

**PLAINTIFF'S VERIFIED ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Plaintiff Warren Rivers ("Plaintiff"), complaining of Defendants Costamare, Inc., Costamare Shipping Co. SA, and Montes Shipping Co. (collectively "Defendants"), and, for cause of action, would respectfully show unto this Honorable Court the following:

**I. PARTIES**

1.1   Plaintiff Warren Rivers, is a citizen and resident of Alabama.

1.2   Defendant Costamare, Inc., is a foreign corporation with its principal place of business at 7 rue du Gabian, Monaco MC 98000.  This Defendant is the parent company of Montes Shipping Co., and maintains a controlling interest in, and is the ultimate beneficiary of the ownership of the *Maersk Kawasaki*, the vessel which Plaintiff was working in support of when he suffered his injuries complained of herein.  It may be served in accordance with Rule 4(h) FRCP.

1.3     Defendant Costamare, Inc. does not maintain a principal office in this State or District, or a designated agent for service of process in this District, and cannot otherwise be found within this District. Nonetheless, Defendant Costamare, Inc. is subject to this Court's general and specific jurisdiction by virtue of property owned by it presently located, or to be located, within this District.

1.4     Defendant Costamare Shipping Co. S.A. is a foreign company with its principal place of business at 60, Zephyrou Street & Syngrou Avenue, 17564 Athens, Greece. This Defendant is the shipmanager of the *Maersk Kawasaki*, and is responsible for the day-to-day commercial running of the vessel. It may be served in accordance with Rule 4(h) FRCP.

1.5     Defendant Costamare Shipping Co. SA does not maintain a principal office in this State or District, or a designated agent for service of process in this District, and cannot otherwise be found within this District. Nonetheless, Defendant Costamare Shipping Co. SA is subject to this Court's general and specific jurisdiction by virtue of property owned by it presently located, or to be located, within this District.

1.6     Defendant Montes Shipping Co. is a foreign Greek corporation with its principal place of business at 60, Zephyrou Street & Syngrou Avenue, 17564 Athens, Greece. This Defendant is the registered owner of the *Maersk Kawasaki*, and a wholly-owned subsidiary of Costamare, Inc. It may be served in accordance with Rule 4(h) FRCP.

1.7     Defendant Montes Shipping Co. does not maintain a principal office in this State or District, or a designated agent for service of process in this District, and cannot

otherwise be found within this District. Nonetheless, Defendant Montes Shipping Co. is subject to this Court's general and specific jurisdiction by virtue of property owned by it presently located, or to be located, within this District.

## II. JURISDICTION

2.1     The Court has jurisdiction over the lawsuit under 28 U.S.C. §1333 because the suit involves admiralty and maritime jurisdiction. This case is brought pursuant 28 U.S.C. § 1333, the general maritime law, and Rule B of the Supplemental Rules for Certain Admiralty or Maritime Claims & Certain Asset Forfeiture Actions of the Federal Rules of Civil Procedure.

2.2     This Court has jurisdiction over the Defendants based on their intentional, continuous and substantial contacts with Texas, and the presence in this District of property owned by and owed to Defendants.

## III. VENUE

3.1     Venue is proper in this matter pursuant to the admiralty and maritime laws of the United States, Rule 82 Fed. R. Civ. P.

## IV. FACTS AND NEGLIGENCE OF DEFENDANT

4.1     At all material times hereto, Defendants were the owner, shipmanager and controlling interest in a container ship, the *Maersk Kawasaki,* the vessel that Plaintiff was performing work for and in support of at the time of he was injured.

4.2     At all material times hereto, Plaintiff was employed as a longshoreman at the port of Mobile, Alabama, and at the time of his injuries, was performing work for the vessel.

4.3     While Plaintiff was performing his duties in the service of the vessel, he was injured on August 23, 2017, when he was assisting with the loading of cargo containers onto the vessel.  During his work that day, Plaintiff sustained injuries due to a defective cargo container.  The injuries suffered by Plaintiff were caused by the negligence and/or gross negligence of Defendants, and unseaworthiness of the vessel, in the following particulars, among others:

(a)     failing to provide proper and adequate equipment to perform the job;

(b)     failing to maintain the vessel and her appurtenances and/or equipment in a safe and reasonable state of repair;

(c)     failing to take reasonable precautions for Plaintiff's safety;

(d)     failing to provide Plaintiff with a reasonably safe place to work; and

(e)     other acts of negligence and/or omissions to be shown at trial herein.

## V.  UNSEAWORTHINESS

5.1     Plaintiff's injuries were caused by Defendants' breach of duty to furnish a seaworthy vessel.

## VI.  ALTER EGO

6.1     The Defendants serve as the group owner, registered owner, and shipmanager for the *Maersk Kawasaki*.  They serve as the alter egos of each other, and in reality,

Costamare, Inc. is the true beneficial owner. Defendant Costamare, Inc. controls the other two companies, both by financing those entities, and providing their only source of business.

6.2     On its website, Costamare, Inc. identifies the *Maersk Kawasaki* as one of the vessels owned by the company.

6.3     On information and belief, Montes Shipping Co.'s sole asset is the *Maersk Kawasaki*. The purchase of that vessel was made possible through funds provided by Costamare, Inc. to its wholly owned subsidiary. Montes Shipping Co.'s sole purpose as a company is to hold the vessel on behalf of the parent, Costamare, Inc. In turn and in exchange for the provision of capital and payment of expenses, Montes Shipping Co. and Costamare Shipping Co. S.A. receive all their business through Costamare, Inc, and Costamare, Inc uses the vessel of Montes Shipping Co. as its own

6.4     The companies maintain interlocking executives and directors and work together for the ultimate parent: Costamare, Inc. Montes Shipping Co. and Costamare Shipping Co. S.A. share the same address for their principal places of business. The use of the same and overlapping personnel, management, officers and interlocking directors, is characterized by the failure to observe corporate formalities.

6.5     All of the vessels managed by Costamare Shipping Co. S.A. are owned by Costamare, Inc. and its related subsidiaries.

6.6     Because the Defendants are alter egos of each other, the form of each should be disregarded for the following reasons, among others:

    6.6.1    because failing to do so would allow the corporations to be used to perpetrate a fraud on Plaintiff and others, in that the entities may have ownership, management and oversight roles with respect to certain vessels, but can seek to avoid responsibility when the vessel is called upon to secure a just and valid claim;

    6.6.2    because Defendants are organized and operated as a mere tool or business conduit of the other, which is further supported by their structure, in which the same senior management of Defendants include the same individuals, and ultimately serve only the parent entity;

    6.6.3    because failing to disregard the separateness of the entities would allow Defendants to evade existing legal responsibilities, specifically the attachment of a vessel ultimately owned by Costmare, Inc.;

    6.6.4    because doing so would prevent a manifest injustice to third parties, by allowing entities which are mere conduits of each other to escape liability for just obligations owed.

## VII. DAMAGES

7.1    As a direct and proximate result of Defendants' negligence and/or gross negligence, Plaintiff suffered injuries to his body, and the following resultant damages, including, but not limited to: (a) mental anguish in the past and future; (b) lost earnings; (c) loss of earning capacity; (d) disfigurement in the past and future; (e) physical impairment in the past and future; (f) medical expenses in the past and future; (g) physical pain and suffering in the past and future; (h) punitive damages.

7.2    Plaintiff is seeking monetary relief up to $5,000,000.

## VIII. RULE B ALLEGATIONS

8.1    Plaintiff is informed and believes that none of the officers of Defendants are now within the Southern District of Texas, that Defendants do not maintain an office within

this District, that Defendants are not incorporated or formed in, or registered to do business in, the State of Texas, that Defendants do not have an agent for service of process in Texas, and that Defendants cannot be found within this District for purposes of Rule B of the Supplemental Rules for Certain Admiralty or Maritime Claims & Asset Forfeiture of the Federal Rules of Civil Procedure.

8.2 Plaintiff is informed and believes that Defendants have, or will soon have, property owned or controlled by it, in the Southern District of Texas, including, but not limited to, the container vessel *Sealand Washington*, IMO number 9196852, MMSI 229577000. Costamare Inc. is the Group Owner for the *Sealand Washington*; and Costmare Shipping Co. SA is the Shipmanager for the vessel.

8.3 Plaintiff seeks an order of attachment or garnishment from this Court directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, attaching any assets of Defendants, including the *Sealand Washington*, for the purpose of securing jurisdiction over Defendants, and to secure Plaintiff's claims as described above.

### IX. JURY DEMAND

9.1 Plaintiff demands a trial by jury herein.

WHEREFORE, Plaintiff prays that:

a. That process in due form of law according to the practice of this Honorable Court issue against Defendants summoning them to appear and answer, all and singular, the matters aforesaid;

b. That process of maritime attachment and garnishment issue to attach and seize Defendants' tangible or intangible personal property, goods, chattels, credits and effects, including, but not limited to, the *Sealand Washington*, to secure Plaintiff's claims as described above;

c. That as soon as practicable following the attachment and/or seizure of the things identified herein, a further hearing be held by this Court pursuant to Rule E(4)(f) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure;

d. That a judgment may be entered in favor of Plaintiff against Defendants for the amount of his claim up to $5,000,000, and that a decree of condemnation issue against the property of Defendants; and

e. That Plaintiff may have such other and further relief as plead herein, and which this Court and justice may deem just and appropriate under the circumstances of the cause, and all other and further relief to which he may be entitled, in law or in equity.

Respectfully submitted,

*/s/ Marcus R. Spagnoletti*
Marcus R. Spagnoletti
SBN 24076708 / SDTX ID 1139660
mspagnoletti@spaglaw.com
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone:   713-653-5600
Facsimile:   713-653-5656

**OF COUNSEL**:

SPAGNOLETTI LAW FIRM
Eric J. Rhine
SBN 24060485 / SDTX 1786163
erhine@spaglaw.com
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone:    713-653-5600
Facsimile:    713-653-5656

ATTORNEYS FOR PLAINTIFF