United States District Court
Southern District of Texas
**ENTERED**
June 18, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WARREN RIVERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-19-1781 |
| | § | |
| COSTAMARE, INC., et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER and RECOMMENDATION

Pending is Plaintiff's Motion for Extension of Time to Respond to Motion for Summary Judgment (Document No. 43), and the Vessel Defendants' (Costamare, Inc.; Costamare Shipping Co., S.A.; Montes Shipping Co.; and Maersk Line A/S) Motion to Stay Discovery Pending Ruling on Motion to Dismiss (Document No. 44). Having considered those motions, the previous stay of discovery ordered by the District Judge, and the recent referral of all the pending motions to the undersigned Magistrate Judge, it is

ORDERED that the Vessel Defendants' Motion to Stay (Document No. 44) is GRANTED and discovery is stayed pending a ruling on the Vessel Defendants' Motion to Dismiss. It is further

ORDERED that Plaintiff's Motion for Extension of Time (Document No. 43) is GRANTED, and Plaintiff shall have sixty (60) days from the date the Vessel Defendants' Motion to Dismiss is resolved to conduct discovery and file a response to Defendant CAI International, Inc.'s Motion for Summary Judgment. While Plaintiff has not clearly articulated what discovery it needs to be able to file a response to Defendant CAI International, Inc.'s Motion for Summary Judgment, the stay of discovery that has been in place since February 26, 2020 (Document No. 37) has effectively foreclosed Plaintiff from conducting any formal discovery. Given that further stay of discovery, the

scheduling order deadlines are further extended as follows:

    Motions are due:  September 25, 2020

    Joint Pretrial Order: November 9, 2020

    Docket Call: December 4, 2020 at 1:30 p.m.

    Trial: December 7, 2020 (Case is subject to being called to trial on short notice during the two-week period beginning on this date)

Also pending is Defendant Mediterranean Shipping Co., Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction (Document No. 28).  Based on the filing of Plaintiff's Stipulation of Dismissal without Prejudice as to Defendant Mediterranean Shipping Co., Inc. on February 6, 2020 (Document No. 33), the Magistrate Judge

    RECOMMENDS that the Court accept Plaintiff's Stipulation of Dismissal (Document No. 33), which was signed by counsel for all parties, and enter an Order dismissing without prejudice Plaintiff's claims against Defendant Mediterranean Shipping Co., Inc., and rendering MOOT Defendant Mediterranean Shipping Co., Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction (Document No. 28).

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(c), Fed. R. Civ. P. 72(b), <u>to the recommendation on Defendant Mediterranean Shipping Co., Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction (Document No. 28).</u> Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*,

677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 18th day of June, 2020.

_____
Frances H. Stacy
United States Magistrate Judge