United States District Court
Southern District of Texas
**ENTERED**
August 06, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WARREN RIVERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-19-01781 |
| | § | |
| COSTAMARE INC., COSTAMARE | § | |
| SHIPPING CO. SA, and MONTES | § | |
| SHIPPING CO., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending and referred to the undersigned Magistrate Judge is the Vessel Defendants' Motion to Dismiss (Document No. 23). Having considered that motion, the response in opposition, the reply, the facts alleged in Plaintiff's Second Amended Complaint (Document No. 19), and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that the Vessel Defendants' Motion to Dismiss (Document No. 23) be GRANTED.

I.  **Background**

This is a negligence case filed by Plaintiff Warren Rivers, who was injured while working as a longshoreman at the port of Mobile, Alabama. Plaintiff alleges in the Second Amended Complaint (Document No. 19) that he "was performing work for and in support of" the vessel M*aresk Kawasaki,* at the time he was injured on August 23, 2017. The Vessel Defendants – Costamare, Inc., Costamare Shipping Co, SA and Montes Shipping Co. – have moved for dismissal of Rivers' claim(s) against them, arguing that the factual allegations in the Second Amended Complaint do not state a plausible third-party liability claim under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 905(b). Rivers responds that he has sufficiently alleged

1

that the Vessel Defendants failed to provide proper and adequate equipment to perform the job, failed to maintain the vessel and her appurtenances and/or equipment in a safe and reasonable state of repair, failed to take reasonable precautions for Plaintiff's safety, and failed to provide Plaintiff with a reasonably safe place to work, and that these allegations are sufficient to state a claim under § 905(b).

II.     **Rule 12(b)(6) Standard of Review**

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Plausibility will not be found where the claim alleged in the complaint is based solely on legal conclusions, or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Nor will plausibility be found where the complaint "pleads facts that are merely consistent with a defendant's liability" or where the complaint is made up of "'naked assertions devoid of further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557)). Plausibility, not sheer possibility or even conceivability, is required to survive a Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 556-557; *Iqbal*, 129 S.Ct. at 1950-1951.

In considering a Rule 12(b)(6) motion to dismiss, all well pleaded facts are to be taken as true, and viewed in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But, as it is only *facts* that must be taken as true, the court may "begin by identifying the

2

pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, at 1950. It is only then that the court can view the well pleaded *facts*, "assume their veracity and [ ] determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, at 1950.

III.  **Discussion**

The Vessel Defendants argue, and Rivers does not dispute, that his negligence claim against the Vessel Defendants can only arise under § 905(b) of the Longshore and Harbor Workers' Compensation Act. Section 905(b) provides:

> In the event of injury to a person covered under this chapter caused by the negligence of a vessel, then such person, or anyone otherwise entitled to recover damages by reason thereof, may bring an action against such vessel as a third party in accordance with the provisions of section 933 of this title, and the employer shall not be liable to the vessel for such damages directly or indirectly and any agreements or warranties to the contrary shall be void. If such person was employed by the vessel to provide stevedoring services, no such action shall be permitted if the injury was caused by the negligence of persons engaged in providing stevedoring services to the vessel. If such person was employed to provide shipbuilding, repairing, or breaking services and such person's employer was the owner, owner pro hac vice, agent, operator, or charterer of the vessel, no such action shall be permitted, in whole or in part or directly or indirectly, against the injured person's employer (in any capacity, including as the vessel's owner, owner pro hac vice, agent, operator, or charterer) or against the employees of the employer. The liability of the vessel under this subsection shall not be based upon the warranty of seaworthiness or a breach thereof at the time the injury occurred. The remedy provided in this subsection shall be exclusive of all other remedies against the vessel except remedies available under this chapter.

33 U.S.C.A. § 905 (West). The Vessel Defendants maintain in their Motion to Dismiss that Rivers has not alleged facts that relate to each vessel defendant, independently. The Vessel Defendants also maintain that Rivers' Second Amended Complaint is short of factual allegations and long on conclusory allegations about the Vessel Defendants' "failures". Finally, the Vessel Defendants maintain that Rivers' own allegation that his injuries were caused by a "defective cargo container"

3

along with the fact that the container was not owned, leased or used by any of the Vessel Defendants, renders his § 905(b) claim against the Vessel Defendants implausible.

Section 905(b) of the LHWCA sets forth the relevant tort-based duties owed by vessel owners to longshoremen. 33 U.S.C. § 905(b). Decades ago, those duties were open-ended, premised in part on a nondelegable warranty of seaworthiness that required no proof of fault. *Manson Gulf, L.L.C v. Modern Am. Recycling Serv., Inc.*, 878 F.3d 130, 134 (5th Cir. 2017). But following the 1972 amendment to § 905(b), the Supreme Court clarified in *Scindia Steam Navigation Co., Ltd. v. De Los Santos*, 451 U.S. 156 (1981), that vessel-owner liability sounds only in negligence. To that end, *Scindia* articulated three "narrow duties" owed by the vessel owner: "(1) a turnover duty, (2) a duty to exercise reasonable care in the areas of the ship under the active control of the vessel, and (3) a duty to intervene." *Manson*, 878 F.3d at 134.

The turnover duty encompasses two distinct-but-related obligations. *Id.* First, the vessel owner "owes a duty to exercise ordinary care under the circumstances to turn over the ship and its equipment in such condition that an expert stevedore can carry on stevedoring operations with reasonable safety." *Id.* And second, the vessel owner "owes a duty to warn the stevedore of latent or hidden dangers which are known to the vessel owner or should have been known to it." *Id.* However, a vessel owner need not warn of "dangers which are either: (1) open and obvious or (2) dangers a reasonably competent stevedore should anticipate encountering." *Id.*

The active control duty requires that the vessel owner "exercise due care to avoid exposing longshoremen to harm from hazards that they may encounter in areas, or from equipment, under the active control of the vessel during the stevedoring operation." *Id.*

Finally, the duty to intervene imposes liability "if the vessel owner fails to intervene in the stevedore's operations when he has actual knowledge both of the hazards and that the stevedore,

4

in the exercise of 'obviously improvident' judgment means to work on in the face of it and therefore cannot be relied on to remedy it. *Id.*

Additionally, it is important to note that the shipowner, within limits, is entitled to rely on the stevedore, and owes no duty to the longshoremen to inspect or supervise the cargo operations. *Scindia*, 451 U.S. at 172.

Here, the entirety of the allegations in the Second Amended Complaint that have any bearing on Rivers' § 905(b) claim against the Vessel Defendants are:

- "Plaintiff was performing work for and in support of [the Maersk Kawasaki] at the time [he] was injured." Second Amended Complaint (Document No. 19) at 4.

- "Plaintiff was employed as a longshoreman at the port of Mobile, Alabama, and at the time of his injuries, was performing work for the vessel." Second Amended Complaint (Document No. 19) at 4.

- "While Plaintiff was performing his duties in the service of the vessel, he was injured on August 23, 2017, when he was assisting with the loading of cargo containers onto the vessel." Second Amended Complaint (Document No. 19) at 5.

- "The injuries suffered by Plaintiff were caused by the negligence and/or gross negligence of Defendants Costamare, Inc., Costamare Shipping Co. S.A., Montes Shipping Co. and/or Maersk Line A/S, and the unseaworthiness of the vessel, in the following particulars, among others:
(a)     failing to provide proper and adequate equipment to perform the job;
(b)     failing to maintain the vessel and her appurtenances and/or equipment in a safe and reasonable state of repair;
(c)      failing to take reasonable precautions for Plaintiff's safety;
(d)     failing to provide Plaintiff with a reasonably safe place to work; and
(e)     other acts of negligence and/or omissions to be shown at trial herein." Second Amended Complaint (Document No. 19) at 5.

These allegations, for the reasons that follow, do not state a plausible § 905(b) claim.

Under *Twombly* and its progeny, to survive a Rule 12(b)(6) motion, Rivers must state a claim to relief that is plausible on its face. Rivers fails to allege, with any facts, exactly what role Vessel Defendants played in his alleged injuries. While Rivers points to Vessel Defendant's

"failures", there is a decided lack of factual detail as to exactly who did what and when. These failure allegations by Rivers – that Vessel Defendants failed to provide proper and adequate equipment to perform the job, failed to maintain the vessel and her appurtenances and/or equipment in a safe and reasonable state of repair, failed to take reasonable precautions for Plaintiff's safety, and failed to provide Plaintiff with a reasonably safe place to work -- are all conclusory allegations that must be disregarded in determining whether Rivers has stated a claim under § 905(b). As for the allegations that could be considered factual – that Rivers was a longshoreman performing work for and in service to the vessel at the time of his injury, and that he was assisting loading containers onto the vessel at the time of his injury – such factual allegations are insufficient to state a plausible claim against the Vessel Defendants under § 905(b).

As set forth above, the three main duties of Vessel Defendants are (1) a turnover duty; (2) an active control duty and (3) a duty to intervene. *Manson*, 878 F.3d at 134. A vessel owner has no general duty by way of supervision or inspection to exercise reasonable care to discover dangerous conditions that develop within the confines of the cargo operations that are assigned to the stevedore. *Scindia*, 451 U.S. at 172. The necessary consequence is that the shipowner is not liable to the longshoremen for injuries caused by dangers unknown to the owner and about which he had no duty to inform himself. *Id.* Because none of Rivers' allegations provide any factual content that would bring his claim against Vessel Defendants within any of the three § 905(b) duties owed by the Vessel Defendants to a longshoreman such as he, Rivers has not stated a plausible claim against the Vessel Defendants. *See, e.g.*, *In re Rodi Marine LLC*, No. CV 17-5394, 2019 WL 861251, at *2 (E.D. La. Feb. 22, 2019).

As part of his Response to the Vessel Defendants' Motion to Dismiss, Rivers asks that he be allowed to amend if his allegations are determined to not state a plausible claim against the Vessel Defendants. That request should be granted.

Under Fed. R. Civ. P. 15(a)(2) leave to amend should be freely given "when justice so requires." When a claim is subject to dismissal under Rule 12(b)(6) for failure to state a claim, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies. . . unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

Here, while Rivers has already now amended his complaint twice, and while the contents of Rivers' response to the Vessel Defendants' Motion to Dismiss suggests that he may not able to allege a plausible § 905(b) claim against any of the Vessel Defendants within the constraints of Fed. R. Civ. P. 11(b)(2), (3), *see* Response (Document No. 24) at 2 ("On August 23, 2017, a 20-foot long cargo container disengaged from a top-loader and fell onto the chassis connected to the cab of Plaintiff's truck, causing him to suffer significant injuries."); see also Incident Report, attached to Plaintiffs' Response (Document No. 24-1) at 2 (Description: "While loading 20' cntr. CAXU6299438 at row 217 (yard) onto URT 40436, the right side of the container disengaged from about 10 ft on the bomb cart while still engage[d] to the top loader on the left side." Area of Actual Incident: "Yard"), Rivers should, in the interests of justice, be allowed one final opportunity to amend his complaint in order to state a plausible claim against the Vessel Defendants.

IV.     **Conclusion and Recommendation**

Based on the foregoing, and the conclusion that Plaintiff has not alleged a plausible negligence based claim against the Vessel Defendants under § 905(b) of the Longshore and Harbor Workers' Compensation Act, the Magistrate Judge RECOMMENDS that the Vessel Defendants' Motion to Dismiss (Document No. 23) be GRANTED.  The Magistrate Judge further RECOMMENDS that Plaintiff be afforded one last opportunity to amend his pleadings in an attempt to state a plausible claim against one, or all, of the Vessel Defendants.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b).  Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc).  Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this day 6th of August, 2020.

*Frances H. Stacy*
Frances H. Stacy
United States Magistrate Judge